OHIO CASUALTY INSURANCE COMPANY, Respondent, v. NAUTH and another, Appellants.

*November 5—December 2, 1958.*

For the appellants there was a brief by *Dougherty, Ryan & Campbell,* and oral argument by *James E. Brennan,* all of Janesville.

For the respondent there was a brief by *Regez & Johnson* of Monroe, and oral argument by *Herbert T. Johnson.*

CURRIE, J. In *Wm. H. Heinemann Creameries v. Milwaukee Automobile Ins. Co.* (1955), 270 Wis. 443, 452a, 71 N. W. (2d) 395, 72 N. W. (2d) 102, this court held:

". . . where A and B are parties to an accident, and B makes a compromise settlement of A's claim for his damages arising from such accident, B is estopped from later asserting a claim for his own damages arising from such accident against A, unless the right to later assert such claim was expressly reserved by B at the time of concluding the compromise settlement."

The rationale of such holding was that the parties, in entering into such a settlement, will be presumed to have intended a complete accord and satisfaction of their respective claims against each other arising out of the accident. Such presumption is grounded upon public policy in order to avoid needless litigation.

The defendants in this appeal seek to have the rule of the *Heinemann Creameries Case* extended to apply to a claim for contribution grounded upon the settlement of the claims of third parties arising out of the accident. However, the right of contribution is founded upon principles of equity and natural justice. *Wait v. Pierce* (1926), 191 Wis. 202, 225, 209 N. W. 475, 210 N. W. 822.

At the time the plaintiff Insurance Company made settlement of the defendant Gordon T. Nauth's claim, the plaintiff possessed no cause of action for contribution. The cause of action for contribution did not accrue until approximately six months later when the plaintiff settled the claims of Nauth's mother and father. To extend the rule of the *Heinemann Creameries Case* so as to include a claim for contribution under these facts would work a denial of the principles of equity and natural justice. This is because if such rule of the *Heinemann Creameries Case* were to be invoked to bar the instant claim for contribution, then the whim of the injured third party in selecting which joint tort-feasor, or his insurer,

against whom to assert such third party's claim for damages, would determine where the burden of payment of such claim would ultimately fall.

It is our considered judgment that the rule of the *Heinemann Creameries Case* should not be construed to bar a claim of contribution which arises after the settlement of one of the two joint tort-feasor's claim for damages by the other tort-feasor, or his insurance carrier.

*By the Court.*—Order affirmed.

BROWN, J., took no part.