LEMMEN, by Guardian *ad litem*, and another, Plaintiffs, v. SERVAIS and another, Defendants and Third-Party Plaintiffs and Appellants: LEMMEN and wife, Third-Party Defendants and Respondents: FRIEDRICHSMEIER and another, Third-Party Defendants.

*No. 273. Argued April 9, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 341.)

For the appellants (third-party plaintiffs) there was a brief by *Lontkowski & Lontkowski* of Green Bay, and oral argument by *Edward C. Lontkowski.*

For the respondents (third-party defendants) there was a brief by *Cornelisen, Denissen, Kranzush, Kuehn & Condon,* attorneys, and *David J. Condon* of counsel, all of Green Bay, and oral argument by *David J. Condon.*

CONNOR T. HANSEN, J.    The issue presented is whether the third-party complaint alleging the parents to be causally negligent in failing to properly instruct a six-year-old child in how to leave a school bus and cross a highway states facts sufficient to constitute a cause of action for contribution to the child's claim for damages.

In *Goller v. White* (1963), 20 Wis. 2d 402, 413, 122 N. W. 2d 193, this court abrogated the parental-immunity rule in negligence cases except in two situations: (1)

Where the alleged negligent act involves an exercise of parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

We concur with the finding of the trial court that in this case "the parents cannot be held negligent in any respect," and in doing so conclude that the parents of Debbie Lemmen were acting within the scope of an exercise of ordinary parental discretion with respect to other care of their child. Such a determination is entirely consistent with consideration given the matter of parental responsibility in *Reber v. Hanson* (1952), 260 Wis. 632, 635, 636, 51 N. W. 2d 505:

" 'The legal obligations of parenthood include the duties of support, of care and protection, and of education.' 39 Am. Jur., *Parent and Child*, p. 593, sec. 6.

" 'It is the right and duty of parents under the law of nature as well as the common law and the statutes of many states to protect their children, to care for them in sickness and in health, and to do whatever may be necessary for their care, maintenance, and preservation, . . . A parent *in the immediate control* of a child of tender years who is too young to be capable of exercising any self-reliant care for its own safety is responsible for its preservation from hazards, and it is the parent's duty to watch over such child and to guard it from danger. In such case, the parent may be regarded in a sense as a repositary of a trust to nurture and protect his offspring. Parents are, of course, not required to do the impossible in caring for their children. As a rule, however, they are bound to provide such reasonable care and protection as an ordinarily prudent person, solicitous for the welfare of his child, would deem necessary.' 39 Am. Jur., *Parent and Child*, p. 669, sec. 46." (Emphasis added.)

In *Goller*, this court reviewed the historical background of the doctrine of parental immunity. The case extensively examines and considers case law authority in this

and other jurisdictions as well as the treatises of prominent authorities. The two exceptions set forth in *Goller* are directed toward preserving, fostering and maintaining a proper and wholesome parent-child relationship in a family. The immunity granted by these two exceptions is accorded the parent, not because he is a parent, but because as a parent he pursues a course within the family constellation which society exacts of him and which is beneficial to the state. The parental nonliability is not granted as a reward, but as a means of enabling the parents to discharge the duties which society exacts. *Cowgill v. Boock* (1950), 189 Or. 282, 218 Pac. 2d 445.

The Michigan Court of Appeals in favorably considering the *Goller* exclusions has chosen to identify the Wisconsin rule as a "parental functions immunity rule." In doing so, the Michigan court stated that a sensible rule would allow children to recover damages for injuries resulting from acts outside of the parental relationship but yet not subject parents to legal action for commonplace failures in performance of parental duties. While the Michigan approach is somewhat different than that of Wisconsin, it tends to emphasize the concept of the *Goller* exceptions. *Rodebaugh v. Grand Trunk Western R. R.* (1966), 4 Mich. App. 559, 145 N. W. 2d 401.

The familial obligations imposed by nature because of the parental relationship, imperfect though they may sometimes be because of the ever present common denominator of human behavior, are quite distinct from the general obligation which the law imposes upon every one in all his relations to his fellowmen, and for the breach of which it gives a remedy. The two exceptions enunciated in *Goller* recognize that within the framework of parental authority and discretion, parents must be accorded immunity from litigation which in fact would disrupt family harmony and unity. The immunity is limited to transactions which are essentially parental. *Dunlap v. Dunlap* (1930), 84 N. H. 352, 150 Atl. 905.

A new and heavy burden would be added to the responsibility and privilege of parenthood, if within the wide scope of daily experiences common to the upbringing of children a parent could be subjected to a suit for damages for each failure to exercise care and judgment commensurate with the risk. Such is not the rule of *Goller*.

The trial court did not allow costs to either party. Subsequent to the filing of the appeal, the parties filed with this court an original stipulation as to allowance of costs in this proceeding and in a related proceeding not presently before this court. The stipulation is approved and pursuant to the provisions thereof it is ordered that costs be allowed as therein provided.

*By the Court.*—Order affirmed.