**Mary Ann SCHMIDT et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**FIDELITY AND CASUALTY INSURANCE COMPANY OF NEW YORK,** Third-Party Defendant.

**Civ. A. No. 71-C-223.**

United States District Court,
E. D. Wisconsin.

Feb. 1, 1974.

Angelo F. Greco, Milwaukee, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendant and third-party plaintiff.

Bernard J. Hankin, Milwaukee, Wis., for third-party defendant.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This is an automobile accident case in which a vehicle owned by Robert C. Schmidt and driven by his wife, Mary Ann Schmidt, collided with a United States postal truck driven by Arthur P. Schallack. The accident occurred in an open intersection in Whitefish Bay, Wisconsin, on November 28, 1968, while Mrs. Schmidt was driving her daughter Lorraine home from school. Both Mrs. Mary Ann Schmidt and Lorraine Schmidt suffered injuries in the accident. In addition, the Schmidt automobile was totally demolished.

Plaintiffs Mary Ann Schmidt and Lorraine Schmidt are suing for personal injuries they suffered in the accident. Plaintiff Robert C. Schmidt is suing for damages caused his automobile and for medical expenses incurred by his wife and daughter. The crux of plaintiffs' complaint is that the proximate cause of their injuries was the negligent manner in which the driver of the postal truck operated his vehicle at the time of the accident. Arthur P. Schallack, driver of the postal truck, is not named as a defendant in this case. Rather, plaintiffs have named the United States of America as the defendant, grounding jurisdiction of this court in the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq.*

The defendant United States of America has counterclaimed alleging that Mrs. Mary Ann Schmidt operated her motor vehicle in a negligent manner. Defendant contends that if it is found that the property damage to Robert C. Schmidt's automobile and the personal injuries suffered by Lorraine Schmidt were caused by the joint negligence of the two drivers in the accident (Mary Ann Schmidt and Arthur P. Schallack), then Mary Ann Schmidt should be found liable for contribution for damages suffered by her husband and daughter.

The defendant has additionally filed a third-party complaint against Fidelity and Casualty Insurance Company of New York (hereinafter referred to as "Fidelity"). In the third-party complaint, the defendant claims that Fidelity insured the automobile of Robert C. Schmidt; that the defendant United States of America, as self-insurer of the government postal truck, paid a sum of $2,322.64 to Fidelity to compensate for the property damages to the Schmidt automobile; and that Fidelity paid $2,837.12 to Robert C. Schmidt according to the terms of their insurance contract. The crux of the third-party complaint is that if it is found that the accident was caused by the joint negligence of Mary Ann Schmidt and Arthur P. Schallack, the defendant and third-party plaintiff United States of America will be entitled to a judgment against Fidelity for contribution.

This matter is presently before the court on two motions. The first is the motion of the plaintiff Mary Ann Schmidt to dismiss the counterclaim of defendant United States of America against her. The second is the motion of the third-party defendant Fidelity to dismiss the defendant's third-party complaint for contribution as against it. The former motion is denied, and the latter is granted.

---

* 28 U.S.C. § 1346(b) states in part: " * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

### I.

■ An examination of the Federal Tort Claims Act is in order. Congress, in passing the Federal Tort Claims Act, stated that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *." 28 U.S.C. § 2674. In granting the district courts jurisdiction over these matters, Congress provided that money damages for personal injuries could be had " * * * if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, the Federal Tort Claims Act is governed by the law of the state in which the alleged tort took place. If a cause of action exists under the laws of such state, an action exists under the Federal Tort Claims Act. "If the cause of action is limited or circumscribed by state law, the same limitations and circumscription apply under the Federal Tort Claims Act." Hooten v. Civil Air Patrol, 161 F.Supp. 478, 482 (E.D.Wis.1958). See also United States v. Muniz, 374 U.S. 150, 83 S. Ct. 1850, 10 L.Ed.2d 805 (1963).

Plaintiff Mary Ann Schmidt grounds her motion to dismiss the defendant's counterclaim for contribution as to the personal injuries allegedly sustained by her daughter Lorraine Schmidt on the basis of parental immunity. Presented to the court are several opinions of the Wisconsin Supreme Court in which a parental immunity doctrine is formulated for the State of Wisconsin. In Goller v. White, 20 Wis.2d 402, 413, 122 N.W.2d 193, 198 (1962), the Wisconsin Supreme Court narrowed the common law rule of giving immunity from suit to parents for negligent actions causing injury to their children to two situations:

" * * * (1) Where the alleged negligent act involves an exercise of parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care. * * * "

In a subsequent decision the Wisconsin Supreme Court determined "other care" to include the education of a child. Lemmen v. Servais, 39 Wis.2d 75, 79, 158 N.W.2d 341 (1968). The Court further clarified its reasoning in the area of parental immunity by stating:

" * * * The immunity granted by these two exceptions is accorded the parent, not because he is a parent, but because as a parent he pursues a course within the family constellation which society exacts of him and which is beneficial to the state. The parental nonliability is not granted as a reward, but as a means of enabling the parents to discharge the duties which society exacts. * * * "

Hence, although the Court added education to those exceptions protected by the parent immunity doctrine, it was made quite clear that this doctrine was not a broad one.

In the instant case, the issue becomes whether or not the act of driving a child home from high school is a part of the duty enacted by society of providing education for children. If it is (as plaintiffs argue), it falls within the second Goller exception for granting immunity from suit to parents who have negligently caused their children to suffer injuries, and Mrs. Schmidt cannot be held liable for contribution for the injuries suffered by her daughter. If it is not, Mrs. Schmidt can be held liable for her daughter's injuries.

■ I believe that a narrow reading of the Goller exception is required. The term "other care" cannot be read broadly to cover all acts intimately associated with the parent-child relationship. Cf., Cole v. Sears, Roebuck & Co., 47 Wis.2d 629, 633, 177 N.W.2d 866 (1969). The rule of construction, ejusdem generis, should be applied here. That is, where general words follow words of particular and specific meaning, the

general words should not be construed to their widest extent but should be held to apply only to the same general kind or class of things specifically mentioned. Therefore, the *Goller* exception cannot be extended to the everyday acts of upbringing, whether supervisory or educational, which are not of similar legal nature as the duty to provide "food, clothing, housing, medical and dental services." If this were otherwise, the exclusion would become as broad as the old parental immunity was. The Wisconsin Supreme Court recently stated in Thoreson v. Milwaukee & Suburban Transport Corp., 56 Wis.2d 231, 247, 201 N.W.2d 745, 753 (1972), that "The exclusion is limited to legal obligations, and a parent who is negligent in other matters cannot claim immunity simply because he is a parent." I, therefore, hold that the *Goller* exception, specifying "other care," cannot be extended to include the matter of parents driving their high school age children home from school. The motion of Mrs. Mary Ann Schmidt to dismiss the defendant's counterclaim against her on the grounds that she, under Wisconsin's parental immunity doctrine, could not be sued by her daughter must, therefore, be dismissed.

## II.

Third-party defendant Fidelity has also filed a similar motion that the third-party complaint for contribution as against it should be dismissed. Fidelity argues that the Wisconsin case of Wm. H. Heinemann Creameries v. Milwaukee Auto Insurance Co., 270 Wis. 443, 71 N.W.2d 395 (1955), serves to bar the Government's third-party complaint for contribution on the basis of a prior settlement with Fidelity on the property damage to the Schmidt vehicle. In *Heinemann,* supra, at 452b, 71 N.W. 2d 395, the Wisconsin Supreme Court stated:

> " * * * We consider the better rule to be that the making of the original settlement without any express reservation of rights by the settlor constitutes a complete accord and sat-

isfaction of all claims of the *immediate* parties to the settlement arising out of the same accident."

In the instant case, the Government paid $2,322.64 to Fidelity. In return for paying such sum, it did not seek any express reservation of rights. The Government, therefore, under Wisconsin law, cannot succeed in its suit for contribution as against Fidelity. I must therefore grant the third-party defendant's motion to dismiss the third-party complaint for contribution as against it.