HARTWIG, Plaintiff, v. WENZEL, and another, Defendants and Third-Party Plaintiff-Appellants: HARTWIG, Third-Party Defendant-Respondent.

*No. 36 (1974). Submitted on briefs June 5, 1975.— Decided June 14, 1976.*
(Also reported in 242 N. W. 2d 902.)

For the appellants the cause was submitted on the brief of *Lontkowski & Lontkowski* of Green Bay.

For the respondent the cause was submitted on the brief of *Fulton, Menn & Nehs, Ltd.,* of Appleton.

HEFFERNAN, J. This is an appeal by the defendants and third-party plaintiffs, Carl H. Wenzel and Mutual Service Casualty Insurance Company, from a judgment dismissing their third-party complaint against the third-party defendant, Chris Hartwig. We reverse and hold that the settlement of a prior action between the parties to that action did not bar a claim for contribution in this action.

Chris Hartwig sued Wenzel and his insurer, Mutual Service, for damages suffered as a result of a two-car accident. That case was settled, with Mutual Service paying Chris Hartwig $27,000. The parties executed a written stipulation, which provided in part:

". . . that any and all disputes between the parties arising out of an automobile accident of April 10, 1971 are hereby settled, adjusted and compromised . . . ."

Pursuant to this stipulation, the action by Chris Hartwig against Wenzel was dismissed.

Three days after the stipulation was executed by Chris Hartwig's attorney, a release of claim against Wenzel was executed by Chris Hartwig. This release provided:

"It is further understood and agreed that this release and payment pursuant thereto is not to be construed as a waiver or estoppel of any party released to prosecute a claim or action for any damages sustained."

Subsequent to the execution of the release, Bettina M. Hartwig, the sister of Chris Hartwig, who was a passenger in Hartwig's car, sued Wenzel and Mutual Service for her injuries as a result of the accident. Wenzel and Mutual Service filed a third-party complaint against Chris Hartwig for contribution. Chris Hartwig moved for summary judgment, grounding his motion on the stipulation. The motion was granted, resulting in the judgment appealed from. The trial court held the stipulation compromising all disputes between the parties

barred the action against Chris Hartwig for contribution. The court further held that the release executed by Chris Hartwig, in which Wenzel and Mutual Service reserved the right to sue Hartwig for damages, barred an action for contribution because it did not reserve the right to sue for contribution. The court observed that damages are not identical to an equitable right of contribution between joint tort-feasors.

Chris Hartwig relies on *Smith v. Rural Mut. Ins. Co.* (1963), 20 Wis. 2d 592, 123 N. W. 2d 496, for the proposition that an insurer who settles with an adverse driver is not entitled to implead him in an action brought by a guest in the car driven by its insured. *Smith* is distinguishable, however, because the settlement there involved the insurer of one joint tort-feasor, the injured party, and the other joint tort-feasor. The case arose from an accident where there was some difficulty in determining who was the driver of the car in which Smith was traveling. Smith was sued by the driver of another vehicle, and a settlement was made pursuant to which Smith and the other occupants of her vehicle were all released. Smith then sued Rural Mutual Insurance Co., which carried the insurance on the car in which she was traveling. The jury found that she was not the driver of the car, and judgment was awarded in her favor. Rural Mutual claimed the right to implead the driver of the other car by a third-party action for contribution. This court held that the action for contribution could not be maintained because the release, which covered all possible drivers of the vehicle in which Smith was riding, did not reserve a claim for contribution against the driver of the other car.

The *Smith* holding rested on the rule enunciated in *Wm. H. Heinemann Creameries, Inc. v. Milw. Auto. Ins. Co.* (1955) 270 Wis. 443, 71 N. W. 2d 395, 72 N. W. 2d 102. If two parties to an accident enter into a com-

promise settlement for damages, the party giving payment is estopped, unless reserving the right, from later suing for its own damages. A release without reservation of rights operates to discharge all parties to the release. *Heimbach v. Hagen* (1957), 1 Wis. 2d 294, 83 N. W. 2d 710. Because all of the parties in *Smith* entered into the settlement, the rule in *Heinemann* controlled. Because no occupant of the Smith car reserved the right to sue the driver of the other car for damages, it could not be established that he was a joint tort-feasor. Therefore, an action for contribution could not succeed.

The court in *Smith* distinguished the situation in which an insurer enters into a settlement with a tort-feasor not its insured and later makes a settlement with the injured party. In this case, the court noted, the insurer can subsequently claim contribution from the tort-feasor with whom it had earlier settled, citing *Ohio Casualty Ins. Co. v. Nauth* (1958), 5 Wis. 2d 518, 520, 93 N. W. 2d 514.

We hold that *Nauth* controls. Because Bettina Hartwig was not a party to the release nor a party to the lawsuit settled between Chris Hartwig and Carl Wenzel, it was not necessary to reserve a claim for contribution in the release. Any inconsistency between the stipulation and the release is immaterial because, under *Nauth,* one need not reserve a claim for contribution. Indeed, Wenzel's claim for contribution is even stronger here than was the claim in *Nauth,* because in that case the release contained no reservation to assert any claim.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.