623 P.2d 800

**Ramero SANDOVAL, a Minor, by his Guardian Ad Litem, Manuel Rodriguez, Appellants,**

v.

**Antonio SANDOVAL and Angelita Sandoval, husband and wife; John Does and Jane Does 1 through 100, Appellees.**

No. 15063.

Supreme Court of Arizona,
In Banc.

Jan. 8, 1981.

Rehearing Denied Feb. 18, 1981.

Peter T. Van Baalen, Phoenix, for appellants.

Maupin & Wilson by Harold J. Maupin, Phoenix, for appellees.

CAMERON, Justice.

This is an appeal from the granting of defendant's motion for summary judgment. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

We must answer the following question on appeal: Does the parental immunity doctrine, as it presently exists in Arizona, bar a suit by a minor child against his parents for negligence in leaving a gate open through which the minor child drove his tricycle and was injured by a passing automobile?

Since summary judgment was granted to the defendants, we will review the facts and the record in a light most favorable to the party opposing the motion for summary judgment, in this case the plaintiff. *Hegel v. O'Malley Ins. Co. Inc.*, 122 Ariz. 52, 593 P.2d 275 (1979); *Faris v. Doctors Hospital, Inc.*, 18 Ariz.App. 264, 501 P.2d 440 (1972).

On 22 January 1977, four year old Ramero Sandoval rode his tricycle from his front yard into the street in front of his home and was run over by an automobile driven by Mr. Noe Perez Lopez. Ordinarily, the gate to the fenced front yard is closed and the child rides his tricycle inside the yard, but in this case the child's father, Antonio Sandoval, negligently forgot to close the gate when he left the house prior to the accident.

Mr. Perez was an uninsured motorist. The parents of Ramero did not have uninsured motorist insurance, but did have a homeowner's insurance policy which they believed would pay a judgment that might be obtained by the minor child against the parents.

The child, through his guardian ad litem, filed a complaint against his parents alleging that the cause of his injuries was their negligence. The superior Court of Maricopa County granted the parents' motion for summary judgment based upon the doctrine of parental immunity. The plaintiff's motion for a new trial was denied and appeal followed.

## PARENTAL IMMUNITY

The principles of parental immunity were formulated in the landmark case of *Hewlett v. George (Ragsdale),* 68 Miss. 703, 9 So. 885 (1891). In that case the Mississippi Supreme Court stated the following rationale:

"The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent. * * *" 68 Miss. at 711, 9 So. at 887.

This case has been followed by a majority of state courts because of the need to preserve family unity and prevent collusion between family members against their insurance companies. See Annotation, Liability of Parent for Injury to Unemancipated Child Caused by Parent's Negligence, 41 A.L.R.3d 904. However, with the advent of the automobile and the increasing presence of insurance, a minority of jurisdictions has abrogated parental immunity where the minor has been injured as a result of the negligent driving of a parent. E. g., *Hebel v. Hebel,* 435 P.2d 8 (Alaska 1967); *Briere v. Briere,* 107 N.H. 432, 224 A.2d 588 (1966); *Goller v. White,* 20 Wis.2d 402, 122 N.W.2d 193 (1963). Prior to 1970, Arizona clearly followed *Hewlett,* supra, see *Purcell v. Frazer,* 7 Ariz.App. 5, 435 P.2d 736 (1967), but in 1970 we overruled *Purcell,* supra, and partially abrogated the immunity doctrine in the case of *Streenz v. Streenz,* 106 Ariz. 86, 471 P.2d 282, 41 A.L.R.3d 891 (1970). Both the *Purcell* and *Streenz* cases involved minor children injured in automobile accidents through the negligent driving of a parent. Our two reasons for abrogating parental immunity in *Streenz* were: (1) That the common law has long allowed suits by a child against a parent in property and contract actions. Therefore, it is reasonable that the law should protect the rights of the child in a personal injury action as well. (2) The existence of liability insurance to compensate the plaintiff, particularly in automobile accident cases, negates the possibility of disrupting family

unity. *Streenz,* supra, 106 Ariz. at 88, 471 P.2d at 284. After balancing the potential for disruptive suits against the need to compensate injured parties, we held that the minor child could sue her parents for injuries sustained through the negligent driving of her mother. *Streenz,* supra. We did not, however, abolish the doctrine in its entirety. We stated:

"Our holding today is not a total abrogation of the parental immunity doctrine. Rather we agree * * * that 'the role of *paterfamilias* should not be usurped by the judiciary as to intrafamilial activities involving parental discipline, care and control'." 106 Ariz. at 89, 471 P.2d at 285, quoting from Judge Howard's dissent in *Streenz v. Streenz,* 11 Ariz.App. 10, 13, 461 P.2d 186, 189 (1969), vacated 106 Ariz. 86, 471 P.2d 282 (1970).

In *Streenz* we cited with approval *Goller v. White,* supra, which held that parents would not be immune from suit in personal injury actions brought by their children against them *except* in two situations:

"* * * (1) Where the alleged negligent act involves an exercise of parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." *Goller v. White,* supra, 20 Wis.2d at 413, 122 N.W.2d at 198.

In *Streenz* we also cited with approval a later case of the same Wisconsin court. *Lemmen v. Servais,* 39 Wis.2d 75, 158 N.W.2d 341 (1968). In *Lemmen v. Servais,* supra, a child was injured when she was struck by a car after she alighted from a school bus. The child sued the driver of the car, who then filed a third party claim against the parents for contribution to any recovery obtained by the child. The basis of the driver's claim was that the parents were negligent in failing to properly instruct their child on safety procedures in crossing the street. The court held that the second exception stated in *Goller,* supra, applied to make the parents immune from

suit, because they were acting within their discretion as parents with respect to the "other care" of their child. The court stated:

"The two exceptions set forth in *Goller* are directed toward preserving, fostering and maintaining a proper and wholesome parent-child relationship in a family. The immunity granted by these two exceptions is accorded the parent, not because he is a parent, but because as a parent he pursues a course within the family constellation which society exacts of him and which is beneficial to the state. The parental nonliability is not granted as a reward, but as a means of enabling the parents to discharge the duties which society exacts. (citation omitted)" *Lemmen v. Servais*, supra, 39 Wis.2d at 79, 158 N.W.2d at 343–344.

In *Streenz*, supra, we did not delineate precisely the areas in which parental immunity would continue to be a bar to suit by a minor for the negligence of his parents, though it is apparent that automobile cases are ones in which the doctrine of parental immunity is abolished. This, however, is not an automobile case in the usual sense in that the parent's obligation did not arise out of his driving of an automobile. The direct cause of Ramero's injuries was the impact of the Perez automobile, not the act of leaving the gate open. We distinguish this act from the act of the parents in *Streenz*, supra, in which the parent, as a driver, had a duty to the world at large to drive carefully. If an accident resulted because of the parent's negligent driving, any passenger in the vehicle could have been injured, and the driver should be liable to that passenger regardless of the fact that the passenger is the child of the driver.

A case with similar facts is the Illinois case of *Cummings v. Jackson*, 57 Ill.App.3d 68, 14 Ill.Dec. 848, 372 N.E.2d 1127 (1978). There the parent, in violation of a city ordinance, failed to trim the trees between the edge of the street and the parent's property line. This obstructed the view of a driver who ran over the minor child. The Illinois Court of Appeals stated:

" * * * a suit charging a breach of a duty owed the general public is not as disruptive to a family unity as one charging breach of duty owed primarily to family members and thus bringing into contention the inner workings of the family. * *

"In the instant case the duty alleged to have been breached by the mother concerned the maintenance of trees on the area immediately adjacent to the home. The duty was owed primarily to the general public, however, and only incidentally to the members of the family living in the house. Although the question is a close one, we * * * conclude that the injury to plaintiff was not alleged to arise out of the family relationship. * * * " 57 Ill.App.3d at 70, 14 Ill.Dec. at 849, 372 N.E.2d at 1128.

We believe that *Cummings*, supra, is distinguishable from the instant case in that the mother had a duty to the public (imposed by city ordinance) to keep the trees trimmed, and insofar as her failure was the proximate cause of the minor child's injuries, she could be liable. In the instant case, the closing of the gate was a duty owed to the child alone and a part of the parental "care and control" or "other care" to be provided by the parents. *Streenz*, supra; *Goller*, supra.

"The familial obligations imposed by nature because of the parental relationship, imperfect though they may sometimes be because of the ever present common denominator of human behavior, are quite distinct from the general obligation which the law imposes upon every one in all his relations to his fellow men, and for the breach of which it gives a remedy. * * *

"A new and heavy burden would be added to the responsibility and privilege of parenthood, if within the wide scope of daily experiences common to the upbringing of children a parent could be subjected to a suit for damages for each failure to exercise care and judgment commensurate with the risk." *Lemmen v. Servais*, supra, 39 Wis.2d at 79–80, 158 N.W.2d at 344.

Regrettably, the injured child may be foreclosed from recovery. Assuming the driver was negligent, the lack of recovery results more from the fact that the driver of the automobile which injured the child was uninsured than from the fact of parental immunity. We hold that the act of leaving a gate open should not subject the plaintiff's parents to suit and that the trial court properly granted summary judgment to the defendants.

We do not, by this case, limit the abrogation of the parental immunity doctrine to automobile negligence cases. We will continue to consider, on a case by case basis, the actual cause of the injury and whether the act of the parent breached a duty owed to the world at large, as opposed to a duty owed to a child within the family sphere.

Judgment affirmed.

STRUCKMEYER, C. J., and GORDON and HAYS, JJ., concur.

HOLOHAN, Vice Chief Justice, concurring.

I concur in the result.