Sharon SIXKILLER, Individually, and as Mother and Next Friend of David Summers, a Minor, Appellants,

v.

Billy J. SUMMERS, Appellee.

No. 55649.

Supreme Court of Oklahoma.

April 17, 1984.

Carol Seacat, Hopkins, Warner & King, Inc., Tulsa, for appellants.

Roger R. Williams, Joseph F. Clark, Jr., Williams & Clark, Tulsa, for appellee.

ALMA D. WILSON, Justice.

We have again before us the issue of the scope and applicability of the doctrine of parental immunity in tort actions. Just recently this Court in *Unah v. Martin*, 676 P.2d 1366 (Okl.1984), abrogated the rule of parental inmmunity in the limited context of vehicular negligence suits. There we held that an unemancipated minor child could maintain an action in tort and recover against his parents to the extent of liability insurance where the child suffered personal injuries due to the parent's negligent operation of a motor vehicle. We deferred delineation of the applicability of parental immunity in the context of other factual situations until such cases appeared before us.

In the case at bar, plaintiffs-appellants, Sharon Sixkiller, individually, and as mother and next friend of David Summers, a minor, brought suit against Billy Summers, David's natural father. Sharon Sixkiller and Billy Summers had previously been married and divorced; at the time the accident occurred David was visiting his natural father pursuant to visitation rights established in his parents' divorce decree.

Plaintiffs-appellants allege in their second amended petition that on July 8, 1977, while at the residence of his natural father, the minor child age seven, David, lost the sight in his left eye as the result of being shot with an arrow. He alleges that the accident and resulting injuries were directly and proximately caused by defendant-appellee's ordinary negligence, and in addition to or in the alternative, his gross negligence.

Allegations under the ordinary negligence theory charge that defendant-appellee left minor children, including the appellant, David, unattended at his rural residence for such a period of time that he knew or should have known the children would and could use and play with his bows and arrows which were readily accessible to them. On the charge of gross negligence, it is alleged that the defendant-appellee wilfully and wantonly furnished bows and arrows to be used by minor children without supervision and without instruction knowing that the adult-sized bow with steel tipped hunting arrows was a lethal weapon capable of causing serious injury to the minor child.

To this petition the defendant-appellee specially demurred and filed a motion to dismiss, on the grounds that parental-immunity precluded suit. The District Court's sustention and dismissal on these motions are the subject of today's appeal.

Appellants advance on appeal that parental immunity should be abolished in this jurisdiction, arguing *inter alia* that the prevalence of liability insurance diminishes the likelihood that a parent-child suit would disrupt family harmony; that priority should be placed on compensating the injured child, regardless of who inflicted the injury; and that constitutional and statutory provisions grant a cause of action for such personal injury for which recovery here is sought.

■ In arriving at our decision in *Unah*, the existence of compulsory automobile liability insurance was a significant factor because it diminished the likelihood that suit would disrupt family harmony since the action was really between the child and his parent's insurer. As commented upon in *Unah*, we continue to attach great weight to the concept of protection of family unity and harmony. We are mindful that there are areas involving the exercise of parental authority and care over a child which should not be justiciable in a court of

law. We are satisfied that the allegations in the petition here state facts which involve such a non-justiciable area.

Even in jurisdictions which have abrogated parental immunity, some nonetheless continue to preclude suit where the alleged negligent act involves: (1) an exercise of parental authority over the child, including supervision, or (2) an exercise of ordinary parental discretion which concerns the provision of food, clothing, housing, medical and dental service, and other care.[1] *See, Silesky v. Kelman*, 281 Minn. 431, 161 N.W.2d 631 (1968); *Goller v. White*, 20 Wis.2d 402, 122 N.W.2d 193 (1963). The Wisconsin Supreme Court in explaining more fully its reasoning for the adoption of the exceptions stated:

"The two exceptions adopted in *Goller* are directed toward preserving, fostering and maintaining a proper and wholesome parent-child relationship in a family. The immunity granted by these two exceptions is accorded the parent, not because he is a parent, but because as a parent he pursues a course within the family constellation which society exacts of him and which is beneficial to the state. The parental non-liability is not granted as a reward, but as a means of enabling the parents to discharge the duties which society exacts." *Lemmen v. Servais*, 39 Wis.2d 75, 158 N.W.2d 341, 344 (1968).

■ The law imposes on a parent the duty to care for and discipline his child, and in the performance of these functions the parent has wide discretion. As aptly stated in *Foldi v. Jeffries*, 93 N.J. 533, 461 A.2d 1145 (1983):

"There is no recognized correct theory on how much freedom a parent should allow his or her children. Some parents believe that a child must be made self-reliant at an early age and accordingly give their children a great deal of independence. To outsiders, such independence

---

1. *See,* special concurrence of Justice Hodges, joined by Justice Doolin in *Unah v. Martin, supra,* expressing the view that in these areas suit should be precluded, even were the doctrine of parental immunity to be abrogated.

may look like indifference or neglect. On the other hand, some parents believe that their children must be vigilantly monitored from infancy through adolescence. To outsiders, such vigilance and concern may appear to shelter the children from the world and to thwart their development.

"As each parent is different, so is each child. There is no one ideal 'formula' for how much supervision a child should receive at a given age. What may be perfectly safe to entrust to one five year old may be utterly dangerous in the hands of another child of the same age. This disparity often proves true even among siblings in the same household. The parent is clearly in the best position to know the limitations and capabilities of his or her own children. These intangibles cannot be adequately conveyed within the formal atmosphere of a courtroom. Nor do we believe that a court or jury can evaluate these highly subjective factors without somehow supplanting the parent's own individual philosophy."

*Foldi v. Jeffries* was another case in which the New Jersey Supreme Court, having abrogated parental immunity in negligence suits, adopted the view that suit should be precluded in cases of negligent supervision. Although we have abrogated the doctrine of parental immunity in some negligence actions, we find the rationale expressed for precluding suit in cases of negligent supervision reasonable and persuasive in disallowing suit in the instant action.

In the interests of preserving family unity and harmony, we therefore decline to abrogate parental immunity in a case such as the one before us; we are concerned that such litigation if allowed would adversely affect the family relationship by intruding upon the authority and discretion of parents in rearing and caring for their children.

Although in *Unah* the existence of *compulsory* automobile liability coverage was a significant factor, the fact that the appellee-defendant happened to have homeowners' liability coverage does not displace the reasons for preserving immunity in cases of negligent supervision. And, while it is of the greatest interest of the courts to protect rights of children, we note that in the area of parental abuse or neglect the State may intervene through appropriate proceedings to protect the abused or neglected child.

Our limited abrogation of parental immunity in *Unah* will not be extended to cases involving negligent supervision short of wilful misconduct.[2]

The Judgment of the District Court is AFFIRMED.

BARNES, C.J., and HODGES, LAVENDER and OPALA, JJ., concur.

SIMMS, V.C.J., concurs in judgment.

HARGRAVE and KAUGER, JJ., concur in result.

---

2. *Cowgill v. Boock,* 189 Or. 282, 218 P.2d 445, 449, wherein the Court said:
   "Willful misconduct depends upon the facts of a particular case, and necessarily involves deliberate, intentional, or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom."