GREAT LAKES TRUCKING CO., INC., Plaintiff-Appellant,

v.

David J. BLACK and Business & Contractors Insurance Center, Inc., Defendants-Respondents.

Court of Appeals

*No. 91-1206. Submitted on briefs August 16, 1991.—Decided October 16, 1991.*

(Also reported in 477 N.W.2d 65.)

164

On behalf of the plaintiff-appellant the cause was submitted on the briefs of *Michael S. Polsky* and *Steven R. Schnoll* of *Trebon & Polsky* of Milwaukee.

On behalf of the defendants-respondents the cause was submitted on the brief of *James J. Jacobson* of *Piette, Zimmerman, Dries & Jacobson, S.C.* of Milwaukee.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. Great Lakes Trucking Co., Inc. (Great Lakes) appeals from an order granting David J. Black's and Business and Contractors Insurance Center, Inc.'s (B&C) motion for summary judgment and dismissing Great Lakes' complaint with prejudice. Because we conclude that the prior judgment is res judicata and bars Great Lakes' action, we affirm the trial court's order.

Great Lakes is a trucking firm and B&C is an independent insurance company. Black is the president and licensed agent of B&C. In 1984, B&C gave Great Lakes a $60,000 bid for a one-year business insurance package from a combination of several different insurance companies. After accepting the bid, B&C informed Great Lakes that the actual cost of the insurance package would be $119,000. In 1985, B&C informed Great Lakes that the policies would be canceled if a payment of $15,000 was not made. B&C sent Great Lakes a ten-day cancellation notice for some of the policies. The policies were canceled and B&C received a refund of prepaid insurance premiums on the policies. Great Lakes did not receive a credit or refund.

In August 1985, B&C sued Great Lakes for the recovery of $30,111 that Great Lakes owed B&C under the insurance package contract. Great Lakes answered and claimed as an affirmative defense that B&C failed to make appropriate credits to Great Lakes' account and that Great Lakes was charged for coverage after the policies' cancellation. The parties entered into a stipulation in which Great Lakes agreed to pay $17,785. The stipulation was approved by the trial court.

In January 1990, Great Lakes commenced this action against B&C and Black. The first cause of action alleges that B&C and Black were negligent in their dealings with Great Lakes concerning the insurance package. The second cause of action alleges that B&C and Black made fraudulent representations and omissions regarding the insurance package and cancellation authority. The third cause of action alleges that Great Lakes is entitled to a refund of prepaid insurance premiums and that Black and B&C intentionally converted some of the prepaid insurance premiums for their own use.

In their answer, B&C and Black claimed, *inter alia,* that because of the earlier proceeding, res judicata and collateral estoppel barred this action. B&C and Black moved for summary judgment. B&C and Black argued at the hearing that estoppel by the record barred Great Lakes' action. The trial court dismissed the action against B&C on the grounds of res judicata and estoppel by the record. Because Black was not a named party in the first proceeding, the trial court dismissed the action against Black based on estoppel by the record. Great Lakes appeals.[1]

---

[1]The parties dispute over what grounds the trial court dismissed Great Lakes' action. After reviewing the trial court's decision, we conclude that the trial court based its decision on res judicata and estoppel by the record. The trial court did not base

 The issue on appeal is whether the trial court properly dismissed Great Lakes' suit. "Estoppel by the record" is a rule closely related to res judicata. *Acharya v. AFSCME,* 146 Wis. 2d 693, 696, 432 N.W.2d 140, 142 (Ct. App. 1988). Whether the doctrine of res judicata applies under a given set of facts is a question of law. *See DePratt v. West Bend Mut. Ins. Co.,* 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983). We review questions of law without deference to the trial court. *Id.*

 The doctrine of res judicata states that a valid and final judgment on the merits is conclusive in all subsequent actions between the same parties, or their privies, as to all matters which (1) were litigated or (2) might have been litigated in the former proceeding. *Landess v. Schmidt,* 115 Wis. 2d 186, 190, 340 N.W.2d 213, 215–16 (Ct. App. 1983). In order for the first action to bar the current action, there must be an identity of parties and an identity of causes of action. *Id.* at 191, 340 N.W.2d at 216.

██ Initially, Great Lakes argues that res judicata and estoppel by the record do not apply because there was not a prior adjudication. We disagree. An adjudication is the giving of a judgment. *See* Black's Law Dictionary 42 (6th ed. 1990). A judgment is a final determination of the rights of the parties. *Werner v. Riemer,* 255 Wis. 386, 402, 39 N.W.2d 457, 465 (1949). The stipulation between Great Lakes and B&C was approved by the court and was a final determination of their rights under that action. Not only can a judgment on the merits be entered

its decision on collateral estoppel. Therefore, Black's arguments using collateral estoppel and the claim that the issues must have been *actually litigated* in the first proceeding do not apply.

without a trial, *DePratt,* 113 Wis. 2d at 311, 334 N.W.2d at 885, but a stipulation may act as a final judgment. *See Werner,* 255 Wis. at 402–03, 39 N.W.2d at 465. Thus, there was an adjudication and a final judgment in the first proceeding.

Dismissal of Great Lakes' Action Against B&C

■
There is no argument that B&C and Great Lakes were both parties in the first proceeding. However, to determine whether there exists an identity of causes of action, we must apply the transactional analysis. *DePratt,* 113 Wis. 2d at 311, 334 N.W.2d at 886. The transactional analysis requires the court to examine the claim in factual terms and to make the claim coterminous with the transaction regardless of the number of substantive theories that may be available to the plaintiff. *Id.* The transaction is the basis of the litigative unit which may not be split. *Id.*

■
In the first proceeding, B&C sued Great Lakes to recover withheld insurance premium payments due under an insurance package contract. In this proceeding, Great Lakes alleges negligence in the transaction, fraudulent representations and intentional conversion of the insurance refund. The facts giving rise to both proceedings arise from the same contractual negotiations, obligations and surrounding events. All of Great Lakes' claims in the second proceeding might have been raised in the first proceeding. For purposes of res judicata a basic factual situation gives rise to one cause of action, no matter how many different theories of relief may apply. *Juneau Square Corp. v. First Wis. Nat'l Bank,* 122 Wis. 2d 673, 684, 364 N.W.2d 164, 170 (Ct. App. 1985). Thus, under the transactional approach, there is

an identity of causes of action. The trial court properly applied res judicata and dismissed Great Lakes' action against B&C.

Dismissal of Great Lakes' Action Against Black

The trial court dismissed Great Lakes' action against Black based on estoppel by the record. Estoppel by the record focuses on the former record, rather than the judgment itself, to bar the second proceeding. *Acharya,* 146 Wis. 2d at 696, 432 N.W.2d at 142. The rule prevents a party from relitigating what was actually litigated— *or which might have been litigated*—in a former proceeding. *Id.* Under either res judicata or estoppel by the record, there must be an identity of parties and an identity of causes of action. *Id.* Because of the analytical similarity, the cases which address res judicata equally apply to estoppel by the record.

There is an identity of parties when a party in the second proceeding is a privy of a party in the first proceeding. *See Landess,* 115 Wis. 2d at 190, 340 N.W.2d at 215–16. We conclude that Black is a privy of B&C. We read as persuasive *Manu-Tronics, Inc. v. Effective Management Systems, Inc.,* 163 Wis. 2d 304, 471 N.W.2d 263 (Ct. App. 1991). In *Manu-Tronics,* Manu-Tronics brought an action against EMS-Wisconsin, a wholly-owned subsidiary of Effective Management Systems. Subsequently, Manu-Tronics brought a second action against Effective Management Systems and several individuals. The individuals named in the second suit who were EMS-Wisconsin employees were not named in the first action. This court held, *inter alia,* that Manu-Tronics was barred from pursuing the second action against the individuals because they acted as EMS-Wisconsin

170

employees. The court concluded that they were in privity with EMS-Wisconsin in the first action. *Id.* at 314–15, 471 N.W.2d at 267.

In this case, the record indicates that Black is the licensed agent of B&C. He signed all the documents that are in issue and he is the custodian of B&C's business records.[2] The record before us establishes a classic employer-employee relationship in which B&C is vicariously responsible for the conduct of Black. *See Landess,* 115 Wis. 2d at 196, 340 N.W.2d at 218. The prior judgment extinguished any claim that could have been litigated and that Great Lakes had against Black as a counterclaim to B&C's suit. *See Manu-Tronics,* 163 Wis. 2d at 315, 471 N.W.2d at 267. Therefore, Black is privy to B&C and he may successfully assert res judicata, or estoppel by the record, as a defense to the present action.

Our conclusion serves several important policies. Res judicata seeks judicial economy and the conservation of those resources parties would expend in repeated and needless litigation of issues that were, or that might have been, resolved in a single prior action. *Stuart v. Stuart,* 140 Wis. 2d 455, 461, 410 N.W.2d 632, 635 (Ct. App. 1987). Fairness to the defendant and sound judicial administration require that at some point litigation over

---

[2]B&C asserts for the first time in its reply brief that Black was acting outside the scope of his employment. The trial court was never given the opportunity to address that issue. We will not, as a general rule, consider arguments raised for the first time in a reply brief. *Schaeffer v. State Personnel Comm'n,* 150 Wis. 2d 132, 144, 441 N.W.2d 292, 297 (Ct. App. 1989). We decline to depart from this rule in this case because even though B&C made the allegation at the last possible opportunity, it had ample opportunity in the filings and proceedings to assert the argument.

the particular controversy must come to an end. *DePratt,* 113 Wis. 2d at 311, 334 N.W.2d at 885. In this case, the potential parties remained the same in both proceedings. Black was a participant through the transaction which gave rise to both the first and second proceedings. Any potential liability of B&C derived wholly from Black. The present claim could have been raised against Black in the first proceeding. Furthermore, Great Lakes had a full and fair opportunity to raise and have determined the claims against Black. *See Stuart,* 140 Wis. 2d at 461–62, 410 N.W.2d at 636.

Great Lakes argued before the trial court, however, that this decision effectively creates a compulsory third party joinder requirement and a compulsory counterclaim requirement. We disagree. All the claims Great Lakes asserts in the second proceeding are alleged against both B&C and Black. None of the claims is asserted independently against Black. Had a claim against Black been based on grounds that could not have been asserted against B&C, Great Lakes would be allowed to proceed against Black on that independent claim. *See* Restatement (Second) of Judgment § 51 and cmt. c (1982). Thus, this decision does not create a compulsory third party joinder or a compulsory counterclaim requirement.

We also conclude that there is an identity of causes of action between Great Lakes and Black for the same reasons that there is an identity of causes of action between B&C and Great Lakes. Therefore, because there is an identity of parties and causes of action, and the issues raised by Great Lakes could have been litigated in the former proceeding as a counterclaim, Great Lakes is estopped by the record to proceed with this action, and

Black may assert res judicata or estoppel by the record as a defense to this action.

*By the Court.*—Order affirmed.