IN RE the PATERNITY OF L.S.G.:

T.E.D., Petitioner-Respondent,

v.

P.S.G., Respondent-Appellant.†

Court of Appeals

No. 92-0203-FT. Submitted on briefs June 15, 1992.—Decided July 14, 1992.

(Also reported in 487 N.W.2d 644.)

†Petition to review denied.

231

On behalf of the respondent-appellant, the cause was submitted on the brief of *Edmund C. Carns* of *Hughes, Mathewson, Carns & Slattery* of Oshkosh.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Diane L. Matsche,* assistant corporation counsel, and *Ronald A. Venci* of *Evans, Venci, Camilli & Bowman* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Patrick G. appeals an order denying his motions for HLA blood tests to determine the paternity of Loren G.[1] Patrick contends that the court abused its discretion when it refused to order blood tests based upon Patrick's allegation that he recently learned that the mother, Tina D., told a third party that he was not Loren's father. Patrick further contends that our holding in *Nehls v. Nehls,* 151 Wis. 2d 516, 444 N.W.2d 460 (Ct. App. 1989), required the trial court to order the blood tests in this case. Because we conclude the trial court properly exercised its discretion by refusing to order the blood tests and reopen the paternity judgment, we affirm the order.

Loren was born on December 26, 1988. Six months later, Patrick was adjudicated Loren's father in a closed paternity proceeding. Patrick had been served with a petition that clearly stated the presumed conceptive period for Loren. At the paternity proceeding, the court apprised Patrick of the defenses available to him and his rights to assistance of counsel, blood tests and to contest paternity. Patrick expressly waived these rights and admitted paternity. In October 1991, Patrick filed a motion to reopen the paternity proceedings and requested the court to order HLA blood tests and other discovery. The court denied the motion based on Patrick's knowing and voluntary waivers, and its determination that reopening the judgment was not in Loren's best interests.

A motion for blood tests preparatory to a motion to reopen a paternity judgment under sec. 806.07(1)(h), Stats., is addressed to the trial court's discretion. *Nehls,* 151 Wis. 2d at 518, 444 N.W.2d at 460-61. An order

---

[1]This is an expedited appeal under Rule 809.17, Stats.

denying a motion for relief under sec. 806.07, Stats., will not be reversed absent a clear abuse of discretion. *Nehls,* 151 Wis. 2d at 518, 444 N.W.2d at 460–61. If the record shows that the trial court exercised its discretion and that there is a reasonable basis for its determination, there has been no abuse of discretion. *Id.*

As grounds to order the HLA test under sec. 806.07(1)(h), Stats., Patrick alleges that (1) he first met Tina after the conceptive period had run, and (2) Tina told a third party that Patrick was not Loren's father. Relief under sec. 806.07 is allowed when there are "extraordinary circumstances." *Nehls,* 151 Wis. 2d at 518–19, 444 N.W.2d at 461. Neither allegation presents a basis that requires the court to grant relief.

In determining whether extraordinary circumstances exist, the trial court should consider

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 552–53, 363 N.W.2d 419, 427 (1985). Whether the relief requested would be in the child's best interests should also be considered because it is "highly relevant to 'whether there are intervening circumstances making it inequitable to grant relief'." *Johnson v. Johnson,* 157 Wis. 2d 490, 500, 460 N.W.2d 166, 170 (Ct. App. 1990)

236

(quoting *Mullen v. Coolong,* 153 Wis. 2d 401, 407, 451 N.W.2d 412, 414 (1990)).

A review of the record indicates that the trial court considered all of these factors when it refused to order the HLA blood tests. After being advised of his right to assistance of counsel, the defenses to paternity and the availability of blood tests, Patrick admitted paternity. The trial court also determined that reopening the proceedings would not be in Loren's best interests. The trial court based this determination on the facts that Loren, Tina and Patrick lived together as a family for over a year after Loren's birth, and that reopening the proceedings would be disruptive to the parent-child bond existing between Loren and Patrick.

Patrick argues that under *Nehls,* he is entitled to HLA blood tests. In *Nehls,* we held:

> [W]here, as here, an affidavit shows that an adjudicated father did not contest paternity at trial, but he has since received information which raises a question as to his paternity, he is entitled not to an order reopening the judgment, but to discovery, including access to HLA blood tests.

*Id.* at 521, 444 N.W.2d at 462 (footnote omitted). *Nehls* is distinguishable. The underlying action in *Nehls* was a divorce and the issue of paternity was not contested or litigated. Here, the underlying action was a paternity proceeding. Patrick chose not to contest paternity.

Patrick argues that because he did not contest paternity, the issue of paternity was not decided on the merits. However, a judgment on the merits was entered based on Patrick's admission of paternity. A trial is not

required to determine that the merits of the claim have been litigated. *Great Lakes Trucking Co. v. Black,* 165 Wis. 2d 162, 168–69, 477 N.W.2d 65, 67 (Ct. App. 1991). Furthermore, "a stipulation may act as a final judgment." *Id.* Thus, we conclude that the issue of paternity was adjudicated on the merits in the June 1989 paternity proceeding.

The HLA test was available to Patrick, and he was informed of his right to that test at the paternity proceeding. Patrick waived that right, as well as his right to contest paternity. These actions manifest Patrick's choice not to present the court with the contention that he met Tina after the conceptive period had run. The contention that Patrick met Tina after the conceptive period had run was, or should have been, known to him at the time of the original paternity proceeding. Therefore, Patrick cannot now claim that this contention is an extraordinary circumstance requiring relief under sec. 806.07(1)(h), Stats.

Patrick also alleges that Tina told a third party that he was not Loren's father, and that this presents an extraordinary circumstance justifying relief under sec. 806.07(1)(h), Stats. We note that this allegation is second-hand hearsay, supported only by an affidavit from the person to whom Tina allegedly made the statement. The affiant was not present at the hearing on Patrick's motion to reopen the proceedings, and Tina denies making such statements.

However, we need not address whether such information is an extraordinary circumstance. Even if the trial court determined that Patrick had presented extraordinary circumstances sufficient to justify relief under sec. 806.07(1)(h), Stats., whether to grant relief is

still discretionary with the trial court. "A finding that there are grounds to reopen the judgment does not necessitate reopening it. As part of its exercise of discretion, the trial court may consider factors that would militate against granting relief." *Johnson,* 157 Wis. 2d at 497–98, 460 N.W.2d at 169. In this case, the trial court considered Loren's best interests, Patrick's knowing and voluntary waiver of his rights and the slender thread of evidence upon which he based his motion for relief as factors militating against granting relief. We conclude that the trial court did not abuse its discretion when it denied the request for blood tests and the motion to reopen the proceedings.

*By the Court.*—Order affirmed.