A.B.C.G. ENTERPRISES, INC., Charles Injasoulian and
Mary Ann Injasoulian, Plaintiffs-Appellants,†

v.

FIRST BANK SOUTHEAST, N.A., Defendant-Respondent.

Court of Appeals

*No. 92–2428. Submitted on briefs June 21, 1993.—Decided
July 21, 1993.*

(Also reported in — N.W.2d —.)

†Petition to review filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Terrance L. Kallenbach* of *Capwell and Berthelsen* of Racine.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert E. Hankel* of *Paulson, Hankel, Bruner & Nichols, S.C.* of Racine.

Before Nettesheim, P.J., Brown and Snyder, JJ.

NETTESHEIM, P.J. A.B.C.G. Enterprises, Inc. and Charles and Mary Ann Injasoulian (ABCG) appeal from a summary judgment dismissing their complaint against First Bank Southeast, N.A. (First Bank). The circuit court dismissed ABCG's complaint on *res judicata* grounds, concluding that ABCG should have alleged its claim by counterclaim in a prior action between the parties. We affirm the court's ruling.

## Facts

The controlling facts are not disputed. In six prior actions, First Bank sued ABCG seeking foreclosure of ABCG's interests in various properties pursuant to certain mortgage assumption agreements. ABCG did not defend in those actions and default judgment of foreclosure was entered in favor of First Bank against ABCG.

In this action, the roles are reversed—ABCG sues First Bank. ABCG's complaints against First Bank include: (1) misrepresentation regarding the investment quality of the properties when ABCG purchased the properties and assumed the mortgage indebtedness; (2) breach of contract regarding payment schedules and extension of additional credit; and (3) failure to properly manage the properties, to collect and conserve the rents, and to properly apply the mortgage and rental payments. ABCG alleged that these misdeeds caused it to default on its mortgage assumption agreements, resulting in First Bank's foreclosure actions and ABCG's eventual loss of the properties.

By summary judgment motion, First Bank sought dismissal of ABCG's complaint. First Bank argued that ABCG's complaint was directly related to the transaction forming the basis for First Bank's earlier foreclosure actions. Thus, First Bank reasoned that the prior action was *res judicata* as to the present action. First Bank relied upon the court of appeals' decision in *Great Lakes Trucking Co. v. Black*, 165 Wis. 2d 162, 477 N.W.2d 65 (Ct. App. 1991). The circuit court agreed and dismissed ABCG's complaint. ABCG appeals.

## Analysis

ABCG argues that the circuit court's ruling creates a mandatory counterclaim requirement contrary to the

Wisconsin Supreme Court's decision in *Heinemann Creameries v. Milwaukee Automobile Insurance Co.*, 270 Wis. 443, 71 N.W.2d 395 (1955). As such, ABCG argues that the supreme court's *Heinemann* decision properly takes precedence over the court of appeals' decision in *Great Lakes*.[1]

In *Heinemann*, Tronca, the injured party, sued Heinemann Creameries for injuries resulting from a motor vehicle accident involving a Heinemann vehicle operated by a Heinemann employee. Heinemann's liability insurance carrier assumed defense of the action and settled Tronca's claim. Tronca's action was dismissed.

Besides settling Tronca's claim, the insurer also paid its insured, Heinemann, for property damage to the vehicle. Based upon this payment, the insurer commenced a subsequent subrogation action against Tronca (the plaintiff in the prior action) seeking to collect the property damage payment. Tronca sought dismissal on *res judicata* grounds, arguing that the insurer should have brought a counterclaim in the prior action.

The supreme court disagreed. The court noted that the then applicable statute, sec. 263.14(1), Stats. (1953), provided, "A defendant *may* counterclaim any claim which he [or she] has against a plaintiff, upon which a judgment may be had in the action." *Heinemann*, 270 Wis. at 450 n.1, 71 N.W.2d at 398. The court noted that the rule was cast in discretionary terms

---

[1] We certified this case to the Wisconsin Supreme Court asking that court to resolve the apparent conflict between *Heinemann Creameries v. Milwaukee Automobile Insurance Co.*, 270 Wis. 443, 71 N.W.2d 395 (1955), and *Great Lakes Trucking Co. v. Black*, 165 Wis. 2d 162, 477 N.W.2d 65 (Ct. App. 1991). A divided supreme court rejected our certification.

("may") and that the advisory committee which fashioned the rule viewed it as permissive, not mandatory. *Id.* at 449–50, 71 N.W.2d at 398. Thus, the court concluded that Wisconsin does not have a compulsory counterclaim requirement: "[I]t was optional with Heinemann whether or not to file a counterclaim in the original circuit court action asking for its damages." *Id.* at 448, 71 N.W.2d at 398.

Wisconsin's present counterclaim statute, sec. 802.07(1), Stats., includes the same language considered by the supreme court in *Heinemann.* From this, ABCG reasons that *Heinemann* is still the law.

However, in *Great Lakes,* we came to a contrary conclusion. There, B&C, an insurance company, had sued Great Lakes Trucking Company seeking to collect moneys due for insurance coverage previously provided. The parties settled the action, and B&C's action was dismissed.

In a later action, Great Lakes sued B&C and its president, Black, alleging that the defendants were negligent in handling Great Lakes' account, had made fraudulent representations and omissions, and had converted premiums previously prepaid by Great Lakes. B&C and Black argued that Great Lakes' action was barred on *res judicata* grounds because Great Lakes had failed to file a counterclaim in the earlier action. Great Lakes countered that B&C and Black were seeking a compulsory counterclaim rule. However, Great Lakes did not cite *Heinemann* in support of its argument.

We concluded that *res judicata* principles precluded Great Lakes' action. *Great Lakes,* 165 Wis. 2d at 166, 477 N.W.2d at 66. To this extent, *Great Lakes*

374

imposes a mandatory counterclaim requirement. However, our decision did not address *Heinemann*.[2]

ABCG argues that since the prior counterclaim statute examined in *Heinemann* (sec. 263.14(1), Stats. (1953)) reads exactly the same as the present counterclaim statute (sec. 802.07(1), Stats.), we are duty bound to follow *Heinemann*. At first blush, this argument has an obvious ring of logic. However, ABCG overlooks an important piece of intervening history—the Wisconsin Supreme Court's 1975 repeal of the former rules of civil procedure, including the counterclaim provisions of sec. 263.14(1), Stats. (1953), and the adoption of the then new Rules of Civil Procedure.[3]

When the Judicial Council Civil Rules Committee drafted the new rules, it considered adopting the mandatory counterclaim rule set out in the Federal Rules of Civil Procedure. Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure Chapters 801–803*, 59 MARQ. L. REV. 1, 58 (1976). The committee decided against a mandatory counterclaim requirement. "[T]he purpose of compulsory counterclaims, i.e., disposing of all aspects of a single litigable transaction or occurrence in a single action, is promoted in Wisconsin law *by the rules of collateral estoppel*." *Id.* (citing J. CONWAY, WISCONSIN AND FEDERAL CIVIL PROCEDURE, ch. 85, at 85–1 to 85–6 (1966) (emphasis added)).

---

[2] In a post-*Great Lakes* decision, the court of appeals assumed that Wisconsin has a compulsory counterclaim rule in a collateral estoppel situation. *Green Spring Farms v. Spring Green Farms*, 172 Wis. 2d 28, 34–35, 492 N.W.2d 392, 395 (Ct. App. 1992). Like *Great Lakes, Green Spring Farms* does not discuss *Heinemann*.

[3] *See* Wis. S. Ct. Order, 67 Wis. 2d 585 (1975) (effective January 1, 1976).

Thus, we are left with the following conflict: (1) a supreme court interpretation of the prior rule which says that Wisconsin does not have a mandatory counterclaim requirement even where issue preclusion applies, and (2) the drafters' comment under the new rule with the same language that a counterclaim is required where issue preclusion applies.

A rule of statutory construction holds that where a statute is reenacted with no change in the pertinent language, a judicial interpretation of the prior statute is presumed to apply to the new statute unless circumstances reveal otherwise.[4] *See Lambert v. Commonwealth Land Title Ins. Co.*, 811 P.2d 737, 741 (Cal. 1991); *see also* 1A N. SINGER, SUTHERLAND ON STATUTES AND STATUTORY CONSTRUCTION, sec. 23.28, at 406 (rev. 4th ed. 1985) (hereinafter SUTHERLAND). The views of the drafters writing on a statute at the time of its enactment are informative as to how the statute should be construed.[5] *State v. Barkdoll*, 99 Wis. 2d 163, 176, 298 N.W.2d 539, 545 (1980). This is all the more true where the commentators are persons intimately involved with the drafting of the legislation.[6] *See* 2A SUTHERLAND, sec. 48.11, at 352.

Here, the drafters of sec. 802.07(1), Stats., saw no need to adopt a mandatory counterclaim provision because issue preclusion principles functionally

---

[4] We recognize that here we are interpreting a supreme court rule—not a statute.

[5] Professor Clausen served as the Reporter for the Judicial Council Civil Rules Committee. *See* Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure Chapters 801–803*, 59 MARQ. L. REV. 1 (1976).

[6] *See* Clausen & Lowe, *supra* note 5.

achieved the same result in many cases. This result is contrary to the supreme court's ruling in *Heinemann*. As such, we are satisfied that the supreme court intended a different result when adopting the new rule than that recited in *Heinemann* under the old rule. In short, *Heinemann* is no longer the law.

This leaves the question of whether First Bank's earlier foreclosure action is *res judicata* as to ABCG's claims in this case. This issue does not long detain us. It is readily apparent from a reading of ABCG's complaint that its grievances arise out of the events surrounding the mortgage assumption agreements which prompted First Bank's prior foreclosure action. The essence of ABCG's complaint is that First Bank misrepresented the value of the properties and then mismanaged the account and diverted funds, forcing ABCG into default on the assumption agreements and triggering the foreclosure action.

In *Great Lakes*, where we concluded that the claim in the latter action was precluded, we said:

> The facts giving rise to both proceedings arise from the same contractual negotiations, obligations and surrounding events. All of Great Lakes' claims in the second proceeding might have been raised in the first proceeding. For purposes of res judicata a basic factual situation gives rise to one cause of action, no matter how many different theories of relief may apply. Thus, under the transactional approach, there is an identity of causes of action.

165 Wis. 2d at 169–70, 477 N.W.2d at 68 (citation omitted). The same reasoning applies here. All of ABCG's claims derive from the contractual negotiations and obligations surrounding the mortgage assumption

agreement. ABCG could have easily litigated its grievances in the first proceeding. Although ABCG breaks its claims into various causes of action, under a *res judicata* transactional analysis there is an identity of causes of action. The trial court correctly dismissed ABCG's complaint.[7]

*By the Court.*—Judgment affirmed.

[7] Since application of issue preclusion is a matter of fairness and equity, ABCG also argues that its action should not have been dismissed because its attorney in the prior action did not adequately protect its rights. *See Desotelle v. Continental Casualty Co.,* 136 Wis. 2d 13, 21–22, 400 N.W.2d 524, 527 (Ct. App. 1986). However, ABCG acknowledges that it cannot explain its attorney's actions in the earlier proceeding. Thus, we do not know whether the attorney's actions were well founded or deficient. Furthermore, ABCG does not contend that it applied for relief from the default judgment in the earlier proceedings. Nor does it point to any *evidence* in this case which addressed this question. We do note that in its bench decision, the trial court stated that ABCG had full notice of the prior action and actually appeared by counsel. Without any further evidence excusing the default judgment, the court understandably concluded that ABCG knowingly allowed default judgment to be taken against it.