61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl GULLEY, Plaintiff-Appellant,
v.
STATE OF WISCONSIN, et al., Defendants-Appellees.
 No. 93-3526.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 6, 1995.
 
 Before CUMMINGS, COFFEY, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Carl Gulley, a patient at the Mendota Mental Health Institute (MMHI), filed this action under 42 U.S.C. Sec. 1983 alleging that MMHI's no-smoking policy violates his Fourteenth Amendment rights. Gulley contends that various Wisconsin statutes and regulations grant him a liberty interest in his right to smoke. See generally Wis. Stat. Sec. 51.61(1). The district court granted summary judgment to the defendants on the ground that the suit is barred by res judicata. We affirm.
 
 
 2
 In 1993, Gulley brought an action in Wisconsin state court challenging MMHI's no-smoking policy.[1] His allegations included a claim under Sec. 1983 that the policy violated his Fourteenth Amendment rights. The Dane County Circuit Court held that Wisconsin law did not create a liberty interest in his right to smoke under the federal constitution. See R. 6, Exhibit 3 (Oral Decision of Dane County Circuit Court, July 2, 1993). Under 28 U.S.C. Sec. 1738, we must afford "the same full faith and credit" to state judicial decisions "as they have by law or usage in the courts of such State." When determining whether an action is barred under Sec. 1738, we look to the law of preclusion "of the State in which judgment was rendered." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); see also Threshermen's Mutual Ins. Co. v. Wallingford Mutual Ins. Co., 26 F.3d 776, 781 (7th Cir. 1994); GASH Associates v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir. 1993). Thus, Gulley may not bring his Sec. 1983 suit in federal court if the doctrine of res judicata would bar his action would in Wisconsin.
 
 
 3
 Under Wisconsin law, res judicata, or claim preclusion, applies if there is "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." Northern States Power Co. v. Bugher, 525 N.W.2d 723, 728 (Wis. 1995). The parties in Gulley's Wisconsin and federal suits are the same, and the Dane County Circuit Court issued a final judgment on the merits.
 
 
 4
 Although Gulley cites certain Wisconsin statutes and regulations in his present suit that were not discussed in the Dane County Circuit Court order,[2] an identity between the causes of action exists as well. Wisconsin courts use "a transactional approach to determin[e] whether two suits involve the same cause of action." Northern States, 525 N.W.2d at 728. Under this approach, a plaintiff must bring all claims that "arise from the same factual underpinnings ... in the same action or [else they will] be barred from future consideration." Id. at 729; see also DePratt v. West Bend Mutual Ins. Co., 334 N.W.2d 883, 886 (Wis. 1983). All of Gulley's claims in his present suit arise from the same "factual underpinnings" -- MMHI's no-smoking policy -- as the claims in his Wisconsin suit. Thus, the district court correctly held that Gulley's suit is barred by the full faith and credit statute.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 MMHI implemented a policy, effective July 6, 1993, banning smoking in all institute buildings, courtyards, and patios connected to buildings. Under the policy, patients are allowed to smoke outside. See R. 6, Exhibit 3 (Oral Decision of Dane County Circuit Court, July 2, 1993) at 6
 
 
 [2]
 For example, the notice and hearing requirements under Wis. Stat. Sec. 51.61(2)